**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KELLY DONNA PARSLEY and STEPHANIE : 
MIGLINO, on behalf of themselves and on behalf :
of other similarly-situated individuals, :   Index No.
                                     :
                      Plaintiffs, :
                                       : **COLLECTIVE AND CLASS**
      -against- : **ACTION COMPLAINT**
                                       :
BROADHOLLOW HOSPITALITY LLC, d/b/a : 
Jewel Restaurant, and RUBIE'S COSTUME : **Jury Trial Demanded**
COMPANY INC., :
                                       :
                      Defendants. :
-----------------------------------------------------------------X

Plaintiffs Kelly Donna Parsley and Stephanie Miglino ("Plaintiffs"), on behalf of

themselves and all other similarly-situated individuals, by and through their undersigned counsel

Wigdor LLP, as and for their Complaint in this action against Defendants Broadhollow

Hospitality LLC, d/b/a Jewel Restaurant ("Jewel" or the "Restaurant"), and Rubie's Costume

Company Inc. ("Rubie's"), (collectively, "Defendants"), hereby allege as follows:

## NATURE OF THE CLAIMS

1.     Jewel Restaurant, the renowned restaurant located in Melville, New York,

operated by the iconic restauranteur Tom Schaudel, and owned by the famous worldwide

Halloween costume company, Rubie's, chose "trick" over "treat" when they subjected Plaintiffs

and other tipped service employees at Jewel to a bevy of unlawful wage practices, which resulted

in the stealing of their lawfully earned and entitled wages and tips.

2.      Specifically, during their employment with Defendants, Plaintiffs, who worked as servers and/or bartenders, and other similarly situated service employees, were subjected to numerous violations of federal and state labor laws, including: (i) minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 650 *et seq.*; (ii) overtime wage violations under the FLSA and NYLL; (iii) illegal retention of employee gratuities and "charges purported to be gratuities," in violation of NYLL § 196-d; (iv) "spread of hours" violations under the NYLL; (v) failure to pay wages in accordance with agreed upon terms in violation of NYLL § 191 *et seq.*; (vi) unlawful deductions from wages in violation of NYLL § 193 *et seq.*; (vii) uniform purchase and maintenance violations; (viii) "call-in" which Defendants failed to pay in violation of New York Minimum Wage Order for Miscellaneous Industries and Occupations §142-2.3 (12 NYCRR §142-2.3); and (ix) damages and penalties resulting from Defendants' failure to provide accurate wage statements in violation of NYLL §195.

3.      Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly-situated persons who were employed by Defendants as "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or other similar "tipped" positions ("Service Employees"), who were not paid the prevailing minimum wage for all hours worked and overtime for all hours worked over forty (40) hours in a workweek during the full statute of limitations period (the "FLSA Collective Period"). Plaintiffs and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

4.      Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of themselves and on behalf of all other similarly-situated persons who were employed by Defendants as Service Employees who: (i) were not paid the prevailing minimum wage for all hours worked; (ii) were not paid proper overtime wages for hours worked over 40 in a workweek; (iii) had gratuities and/or "charges purported to be gratuities" unlawfully retained from their wages; (iv) did not receive "Spread of Hours" pay; (v) were not paid for all hours worked; (vi) had unlawful deductions taken from their wages; and (vii) were not lawfully compensated by Defendants for uniform purchase and maintenance costs, for the full statute of limitations period (the "NYLL Class Period").  Plaintiffs and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

6.      Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7.      Plaintiff Kelly Donna Parsley is an adult resident of the State of New York, and was employed by Defendants as a Server from October 23, 2015 to January 18, 2016.  At all relevant times, Ms. Parsley was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Ms. Parsley will be filed with the Court.

8.    Plaintiff Stephanie Miglino is an adult resident of the State of Florida, and was employed by Defendants as a Bartender from January 2014 to June 2014, and then as a Server from June 2014 to July 2016.  At all relevant times, Ms. Miglino was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Ms. Miglino will be filed with the Court.

9.    Defendant Broadhollow Hospitality LLC is a New York limited liability company, with a business address of 400 Broadhollow Road, Melville, New York 11747.  Upon information and belief, Broadhollow Hospitality does business as Jewel Restaurant, which is also located at 400 Broadhollow Road, Melville, New York 11747.  At all relevant times, Jewel was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

10.    Defendant Rubie's Costume Company Inc. is a New York limited liability company, located at 601 Cantiague Rock Road, Westbury, NY 11590.  Rubie's owns and operates Jewel Restaurant.  At all relevant times, Rubie's was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

11.    At all relevant times, Jewel and Rubie's have shared common ownership and management, have had centralized control over employees and relations, including human resources functions, and operate interrelatedly.  As such, Jewel and Rubie's jointly employed Plaintiffs, the FLSA Collective and the NYLL Class.

# FACTUAL ALLEGATIONS

## Minimum Wage Violations

12.     Defendants were and are permitted, under the FLSA and NYLL, to pay certain tipped employees at a statutory hourly rate that is less than the standard hourly minimum wage rate, so long as the "tips" or "gratuities" that such tipped employees are expected to receive, when added to the hourly wages, meet or exceed the standard hourly minimum wage.  Payment at such a "tipped employee rate" is permissible so long as all tips received by the employee are also retained by the employee, and no portion of the tips are retained by Defendants or given to employees in non-tipped and/or managerial positions.

13.     However, Defendants were not entitled to avail themselves of the reduced minimum wage by applying the tip credit allowance for Plaintiffs, the FLSA Collective and the NYLL Class, because, *inter alia*, Defendants required them to share and/or pool their tips with Managers and other non-"tipped" employees who did not perform "tipped" duties and/or did not have meaningful interaction with customers.

14.     This practice of including Managers in the tip pool was particularly prevalent during private events held at Jewel.

15.     Managers had the authority to discipline or terminate employees, supervised Service Employees, made hiring decisions, received a salary, and had meaningful input into the creation of work schedules for Service Employees and other employees.

16.     Therefore, by including Managers in the tip pool, resulting in the vitiation and cancellation of the minimum wage tip credit, Defendants were obligated to pay Plaintiffs, the FLSA Collective and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through application of a tip credit.

17.     At all relevant times, Defendants knew that nonpayment of the minimum wage would economically injure Plaintiffs, the FLSA Collective and the NYLL Class, and violated federal and state laws.

18.     Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective and the NYLL Class knowingly, intentionally and willfully.

**Overtime and Off-Clock Violations**

19.     Defendants also routinely failed to pay Plaintiffs and the members of the FLSA Collective and NYLL Class for all hours worked, resulting in substantial unpaid, "off-the-clock" work performed by Plaintiffs and members of the FLSA Collective and NYLL Class, in violation of NYLL § 191.

20.     By way of example only, Defendants would forbid Plaintiffs and members of the FLSA Collective and NYLL Class from "clocking in" until the official start time of their shifts, even if they were asked to and did come to work earlier and/or performed work earlier than their scheduled shifts began.

21.     Further, also by way of example only, Defendants would automatically dock time from Plaintiffs and the members of the FLSA Collective and NYLL Class purportedly for meal breaks, even though Plaintiffs and the members of the FLSA Collective and NYLL Class did not take breaks and/or were caused to work during the whole or part of their purported meal break time.

22.     These and other practices resulted in substantial uncompensated, "off-the-clock" work performed by Plaintiffs and members of the FLSA Collective and NYLL Class, in violation of NYLL § 191.

23.     This uncompensated, "off-the-clock" work also resulted in Plaintiffs, the members of the FLSA Collective and NYLL Class not receiving compensation at one and one-half times their regular rate of pay for all hours worked over forty hours per workweek, in violation of the overtime provisions of the FLSA and the NYLL.

24.     At all relevant times, Defendants were aware that nonpayment of the overtime and straight-time wages would economically injure Plaintiffs, the FLSA Collective and the NYLL Class, and violated federal and state laws.

25.     Defendants committed the foregoing acts against Plaintiffs and the NYLL Class knowingly, intentionally and willfully.

**New York Labor Law § 196-d Violations**

26.     During Plaintiffs' employment, and at relevant times during the NYLL Class Period, Defendants unlawfully retained and/or distributed tips or charges purported to be tips, including by distributing them to Managers, that were owed to Plaintiffs and other members of the NYLL Class, in violation of NYLL § 196-d.

27.      Throughout the relevant time period, Defendants had knowledge of NYLL § 196-d and the legal requirement that tipped service employees are entitled to their gratuities, and that it is unlawful for gratuities to be retained by the employer.

28.     Nonetheless, Defendants retained and/or distributed tips or charges purported to be tips which should have been distributed to Plaintiffs and the NYLL Class, which they now owe to Plaintiffs and the members of the NYLL Class.

29.     Defendants committed the foregoing acts against Plaintiffs and the NYLL Class knowingly, intentionally and willfully.

**Deductions from Wages Violations**

30. Throughout the relevant time period, Defendants made deductions from the wages of Plaintiffs and members of the NYLL Class for purported "meals."

31. However, Defendants failed to acquire express authorization from Plaintiffs and members of the NYLL Class to have the cost of "meals" deducted from their wages, nor were these deductions for "meals" for the benefit of Plaintiffs and the NYLL Class, as they seldom ate these meals, which usually consisted of old and/or stale food.

32. Defendants knew that the foregoing acts violated the NYLL, and would economically injure Plaintiffs and the NYLL Class.

33. Defendants committed the foregoing acts against Plaintiffs and the NYLL Class knowingly, intentionally and willfully.

**"Spread of Hours" Violations**

34. Defendants also failed to pay Plaintiffs and members of the NYLL Class their proper "Spread of Hours" pay as required under New York law.

35. Specifically, Defendants were required to pay Plaintiffs and the NYLL Class an extra hour of wages at the minimum wage rate if an employee's shift or shifts spanned more than ten (10) hours in a single day.

36. However, Defendants failed to comply with the requirement to compensate Plaintiffs and the NYLL Class with an extra hour of wages at the minimum wage rate when they worked more than ten hours in a single day.

37. Defendants knew that the foregoing acts violated the NYLL, and would economically injure Plaintiffs and the NYLL Class.

38.     Defendants committed the foregoing acts against Plaintiffs and the NYLL Class knowingly, intentionally and willfully.

**Uniform Purchase and Maintenance Violations**

39.     Defendants also required Plaintiffs and members of the NYLL Class to wear uniforms, which consisted of black chef's jackets and black vests with "Jewel" embroidered on them, while they worked.

40.     All or some of the articles of clothing for the uniforms had to be purchased by Plaintiffs and the NYLL Class members themselves.

41.     The clothes were of a particular style determined by Defendants, which could not be worn as part of Plaintiffs' or the NYLL Class members' ordinary wardrobe.

42.     The clothing Plaintiffs and the NYLL Class members were and are required to wear while working constituted a uniform within the meaning of the NYLL.

43.     Defendants have not reimbursed Plaintiffs or the NYLL Class members for the cost of purchasing the uniforms.

44.     These mandated uniforms cannot be cleaned along with Plaintiffs' or the NYLL Class members' every day clothing, and require dry cleaning and/or other special treatment.

45.     Defendants did not wash and maintain these uniforms for Plaintiffs or the NYLL Class members.

46.     Defendants did not reimburse Plaintiffs or the NYLL Class members for the cost of cleaning and maintaining the uniforms.

47.     Defendants knew that the foregoing acts violated the NYLL, and would economically injure Plaintiffs and the NYLL Class.

48.     Defendants committed the foregoing acts against Plaintiffs and the NYLL Class knowingly, intentionally and willfully.

**"Call-in" Violations**

49.     Furthermore, Defendants also failed to pay Plaintiffs and members of the NYLL Class their proper "call-in" pay as required under New York law.

50.     Specifically, Defendants were required to pay Plaintiffs and members of the NYLL Class who, by request or permission of Defendants, reported for duty on any day, whether or not assigned to work, at the applicable wage rate for at least four hours for one shift or the number of hours in the regularly scheduled shift, whichever is less, at the basic minimum hourly wage.

51.     However, Defendants regularly caused Plaintiffs and members of the NYLL Class to report to work only to find themselves told to return home without "call-in" pay, in violation of the New York Minimum Wage Order for Miscellaneous Industries and Occupations § 142-2.3 and the NYLL.

52.     Further, as a result of the foregoing conduct, Defendants have failed to provide accurate wage statements to Plaintiffs and the NYLL Class, in violation of NYLL § 195.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of all other similarly-situated persons who were employed by Defendants as Service Employees during the FLSA Collective Period.

54.     At all relevant times, Plaintiffs and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendants' practice of willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, retaining tips for themselves, allowing non-tipped employees and/or employees with meaningful managerial authority to share in their tips, and for failing to pay them proper overtime wages.

55.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

56.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying the FLSA Collective and Plaintiffs the prevailing minimum wage for all hours worked, and 29 U.S.C. § 207 by not paying the appropriate overtime wages for all hours worked over 40 in a workweek.

57.     Defendants' violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

58.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wage, overtime wages owed, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

59.     While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least one hundred (100) other similarly situated persons who were employed by Defendants as Service Employees during the FLSA Collective Period.

60.     Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants as Service Employees during the FLSA Collective Period, along with their last known addresses, telephone numbers and email addresses, so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

61.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as Service Employees who were: (i) not paid the prevailing minimum wage for all hours worked; (ii) not paid proper overtime wages for all hours worked over 40 hours each workweek; (iii) unlawfully denied tips and gratuities; (iv) not paid the lawful "Spread of Hours" pay; (v) not paid wages for all hours worked; (vi) had unlawful deductions made from their wages; and (vii) not paid uniform purchase and maintenance costs.

62.     The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiffs, and the NYLL Class were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

63.     The NYLL Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the prevailing minimum wage for all hours worked, not paying proper overtime wages for all hours worked over 40 hours each workweek, unlawfully retaining gratuities, not paying "Spread of Hours" pay, not paying wages for all hours worked, making unlawful deductions from wages and not paying uniform purchase and maintenance costs.

64.     During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the minimum wage and other applicable provisions of the NYLL and/or its regulations.

65.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations.  Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the NYLL Class.

66.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the NYLL Class for the full amount of their unpaid minimum wages, unpaid overtime wages, the tips or gratuities retained by Defendants, the "Spread of Hours" pay owed, the straight time wages owed, unlawful wage deductions and the costs of purchasing and maintaining uniforms, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

67.     Certification of the NYLL Class's claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the NYLL Class.  Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class and Defendants.

68.     Plaintiffs' claims raise questions of law and fact common to the NYLL Class. Among these questions are:

a.     Whether Defendants employed Plaintiffs and the NYLL Class members within the meaning of the NYLL;

b.     Whether Defendants paid Plaintiffs and the NYLL Class members the federal and state minimum wage for all hours worked during the NYLL Class Period;

c.     Whether Defendants' failure to pay the prevailing minimum wage to Plaintiffs and the NYLL Class constitutes a violation of NYLL § 650 *et seq.*;

d.     Whether Defendants failed to pay Plaintiffs and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the NYLL Class Period;

e.     Whether Defendants illegally retained Plaintiffs' tips and distributed them to Managers and other individuals who were not working in customarily tipped positions and/or did not have meaningful contact with customers, and to employees with meaningful managerial authority;

f.     Whether Defendants' failure to pay Plaintiffs and the NYLL Class their wages earned in accordance with their agreed terms of employment constitutes a violation of NYLL § 191;

g.      Whether Defendants paid Plaintiffs and members of the NYLL Class the
        New York state "Spread of Hours" pay on days when they worked more
        than ten hours;

h.      Whether Defendants made unlawful wage deductions from the wages of
        Plaintiffs and members of the NYLL Class;

i.      Whether Defendants compensated Plaintiffs and the NYLL Class
        members for the cost of their uniforms;

j.      Whether Defendants compensated Plaintiffs and members of the NYLL
        Class for the costs of maintaining their uniforms; and

k.      Whether Defendants' violations of the NYLL and/or its regulations were
        willful.

69.     These common questions of law and fact arise from the same course of events,

and each NYLL Class member will make similar legal and factual arguments to prove liability.

70.     Plaintiffs are members of the NYLL Class that they seek to represent.  Plaintiffs'

claims are typical of the claims of the NYLL Class.  The relief Plaintiffs seek for the unlawful

policies and practices complained of herein are also typical of the relief which is sought on

behalf of the NYLL Class.

71.     Plaintiffs' interests are co-extensive with those of the NYLL Class that they seek

to represent in this case.  Plaintiffs are willing and able to represent the NYLL Class fairly and to

vigorously pursue their similar individual claims in this action.  Plaintiffs have retained counsel

who are qualified and experienced in labor and employment class action litigation, and who are

able to meet the time and fiscal demands necessary to litigate a class action of this size and

complexity.  The combined interests, experience and resources of Plaintiffs and their counsel to

litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of

representation requirement of Fed. R. Civ. P. 23(a)(4).

72.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

73.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

74.     The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

75.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

76.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

77. The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least one hundred (100) similarly-situated persons who were/are employed by Defendants as Service Employees during the NYLL Class Period.

78. Plaintiffs are currently unaware of the identities of the NYLL Class. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants as Service Employees during the NYLL Class Period, along with their last known addresses, telephone numbers and email addresses, so Plaintiffs can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations)**
**(On Behalf of Plaintiffs and the FLSA Collective)**

79. Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

80. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

81. During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked.

82. As a result of their failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

83. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

84.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, attorneys' fees and costs, and interest.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations)
### (On Behalf of Plaintiffs and the FLSA Collective)

85.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

86.     Throughout the FLSA Collective Period, Plaintiffs and the other members of the FLSA Collective regularly worked and continue to work in excess of forty (40) hours per workweek.

87.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective at one and one-half times their hourly wage for all work in excess of forty (40) hours per workweek.

88.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

89.     Due to Defendants' FLSA violations, Plaintiffs and the members of the FLSA Collective are entitled to recover damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## THIRD CLAIM FOR RELIEF
### (NYLL Minimum Wage Violations)
### (On Behalf of Plaintiffs and the NYLL Class)

90.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

91.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

92.     During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

93.     As a result of Defendants' failure to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

94.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

95.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and interest.

## FOURTH CLAIM FOR RELIEF
### (NYLL Overtime Violations)
### (On Behalf of Plaintiffs and the NYLL Class)

96.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

97.     Throughout the NYLL Period, Plaintiffs and the other members of the NYLL Class regularly worked and continue to work in excess of forty (40) hours per workweek.

98.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the NYLL Class at one and one-half times their hourly wage for all work in excess of forty (40) hours per workweek.

99.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the NYLL Class at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

100.    Due to Defendants' NYLL violations, Plaintiffs and the members of the NYLL Class are entitled to recover from Defendants damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## FIFTH CLAIM FOR RELIEF
### (NYLL Violations for Illegal Retention and Distribution of Gratuities)
### (On Behalf of Plaintiffs and the NYLL Class)

101.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

102.    Plaintiffs and the NYLL Class members were employed by Defendants within the meaning of NYLL §§ 2 and 651.

103.    NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be a gratuity[.]"

104.    During the NYLL Period, Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiffs and the NYLL Class, in violation of NYLL § 196-d, and distributed them to tip-ineligible employees, including Managers.

105.     Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendants the amount of retained and/or unlawfully distributed gratuities, liquidated damages, attorneys' fees and costs, and interest.

**SIXTH CLAIM FOR RELIEF**
**(NYLL Violations for Failure to Pay Wages)**
**(On Behalf of Plaintiffs and the NYLL Class)**

106.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

107.     NYLL §191 *et seq*. requires covered employers, such as Defendants, to pay employees for the wages with the requisite frequency in accordance with their agreed upon terms of employment.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them for all wages earned in accordance with their agreed terms of employment under the NYLL.

108.     During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class their wages earned in accordance with their agreed terms of employment, and did not pay Plaintiffs and the NYLL wages earned for all hours worked.

109.     As a result of Defendants' failure to pay Plaintiffs and the NYLL Class their wages earned in accordance with their agreed terms of employment, Defendants violated the NYLL.

110.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

111.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class, and entitle them to recover the total amount of their unpaid wages earned in accordance with their agreed terms of employment, an additional amount in liquidated damages, attorneys' fees and costs and interest.

## SEVENTH CLAIM FOR RELIEF
### (NYLL Spread of Hours Pay Violations)
### (On Behalf of Plaintiffs and the NYLL Class)

112.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

113.    During the NYLL Period, Plaintiffs and members of the NYLL Class regularly worked more than 10 hours in a workday.

114.    Defendants failed to fully compensate Plaintiffs and members of the NYLL Class for one hour's pay at the basic New York minimum hourly wage rate, as required by New York law as "spread of hours" pay.

115.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendants the Spread of Hours pay underpayment, liquidated damages, as well as attorneys' fees, costs, and interest.

## EIGHTH CLAIM FOR RELIEF
### (NYLL Unlawful Deduction of Wages Violations)
### (On Behalf of Plaintiffs and the NYLL Class)

116.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

117.    During the NYLL Period, Defendants unlawfully made deductions from the wages of Plaintiffs' and those similarly situated for, *inter alia*, meals, in violation of NYLL § 193.

118.    Defendants' unlawful deductions from the wages of Plaintiffs and the NYLL Class were willful within the meaning of NYLL § 663.

119. Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendants all unlawful wage deductions, together with liquidated damages, as well as attorneys' fees and costs, and interest.

**NINTH CLAIM FOR RELIEF**
**(NYLL Uniform Requirement Violations)**
**(On Behalf of Plaintiffs and the NYLL Class)**

120. Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

121. During the NYLL Period, Defendants required Plaintiffs and the NYLL Class members to purchase their uniforms at their own expense, in violation of the NYLL and New York State's Hospitality Industry Wage Orders.

122. Defendants further required Plaintiffs and the NYLL Class members to clean and maintain their uniforms at their own expense in violation of the NYLL and New York State's Hospitality Industry Wage Orders.

123. Defendants' failure to reimburse Plaintiffs and the NYLL Class for the costs of purchasing, cleaning and maintaining the uniforms was willful within the meaning of NYLL § 663.

124. Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendants the cost of uniform purchase, together with the required uniform maintenance reimbursement, liquidated damages, as well as attorneys' fees and costs, and interest.

## TENTH CAUSE OF ACTION
### (Failure to Pay NYLL "Call-in Pay" 12 NYCRR § 142-2.3)
### (On Behalf of Plaintiffs and the NYLL Class)

125.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

126.     During the NYLL Period, Defendants were required to pay Plaintiffs and the NYLL Class members "call-in" pay, in violation of the NYLL, including, but not limited to, New York Minimum Wage Order for Miscellaneous Industries and Occupations § 142-2.3.

127.     As a result of Defendants' NYLL violation, Plaintiffs and the NYLL Class members are entitled to recover from Defendants their "call-in" pay owed, and an equal amount in liquidated damages, as well as attorneys' fees, costs and interests.

## ELEVENTH CAUSE OF ACTION
### (Failure to Furnish Accurate Wage Statements in Violation of NYLL § 195)
### (On Behalf of Plaintiffs and the NYLL Class)

128.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all proceeding paragraphs as if they were set forth again herein.

129.     The NYLL requires covered employers, such as Defendants, to furnish wage statements to its employees with every payment of wages and to provide wage notices.  Plaintiffs and the NYLL Class were not exempt from this requirement.

130.     During the NYLL Class Period, Defendants failed to furnish accurate wage statements and wage notices to Plaintiffs and the NYLL Class, in violation of NYLL § 195 by, *inter alia*, providing wage statements that inaccurately recorded hours worked and/or wages earned.  As a result, the wage statements furnished by Defendants to Plaintiffs and the members of the NYLL Class contained inaccurate information with respect to wages purportedly paid and hours worked.

131. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

132. Defendants' violation of the NYLL has significantly damaged Plaintiffs and the NYLL Class and entitles them to recover statutory damages, together with attorneys' fees and costs.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective and the NYLL Class, respectfully request that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.     Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.     Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.     Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.     Designate Plaintiffs as representatives of their class, and their counsel of record as class counsel;

G.     Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of the Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.     Award Plaintiffs and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I.     Award Plaintiffs, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J.     Grant Plaintiffs, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and on behalf of all other similarly-situated persons, hereby demand a trial by jury on all issues of fact and damages.

Dated: January 6, 2017
      New York, New York                          Respectfully submitted,

                                             **WIGDOR LLP**

                                           By: _____
                                               Lawrence M. Pearson
                                             Tanvir H. Rahman

                                           85 Fifth Avenue
                                           New York, NY 10003
                                           Telephone:  (212) 257-6800
                                           Facsimile:   (212) 257-6845
                                           lpearson@wigdorlaw.com
                                           trahman@wigdorlaw.com

                                           *Attorneys for Plaintiffs and the Proposed*
                                           *FLSA Collective and NYLL Class*